IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Trent M. Simpson, | ) | C/A No.: 3:12-cv-401-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment litigation matter comes before the court on Plaintiff Trent M. Simpson's Objection to the Report and Recommendation ("Report") issued by a Magistrate Judge in this case. The Magistrate Judge has recommended that this court grant Defendant City of Columbia's Motion for Summary Judgment. In his Complaint, Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Having reviewed the entire record, including Plaintiff's Objection, the court finds that the Magistrate Judge has fairly and accurately summarized the facts and has applied the correct principles of law in her Report. Accordingly, the court adopts the Report and fully incorporates it into this order.

**I.     Factual and Procedural History**

Plaintiff was employed by Defendant as a firefighter before his employment was terminated on August 30, 2010. In her Report, the Magistrate Judge included a thorough summary of the Plaintiff's disciplinary history with the Defendant and of the events leading to Plaintiff's termination. As this court has already incorporated the Magistrate Judge's Report in full, it need not repeat Plaintiff's employment history here.

1

Plaintiff filed the instant action against the City of Columbia on February 13, 2012. (ECF No. 1). Defendant filed its Motion for Summary Judgment on March 20, 2013. (ECF No. 34). After that motion was fully briefed, the Magistrate Judge issued her Report recommending that this court grant Defendant's motion. Plaintiff filed his Objection to the Magistrate Judge's Report on January 31, 2014. (ECF No. 57). This court now considers Plaintiff's objections and rules on the Report.

## II.     Legal Standard

### A.     Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the report that have been specifically objected to, and the court is allowed to accept, reject, or modify the report in whole or in part. *Id.*

### B.     Legal Standard for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases

where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### C.  Employment Discrimination Framework

Title VII makes it unlawful for an employer to discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment on the basis of race or sex. 42 U.S.C. § 2000e–2(a). In the absence of direct evidence of discrimination, a plaintiff may resort to the judicially created burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which a plaintiff has the initial burden of establishing a prima facie case of discrimination. To establish a prima facie case of discrimination, a plaintiff must show (1) that he engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person. *Lightner v. City of Wilmington*, 545 F.3d 260, 264–65 (4th Cir. 2008). Thus, the task falls on a plaintiff to identify a suitable comparator, bearing in mind that "'[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful.'" *Bradley v. South Carolina Dep't Corr.*, C/A No. 3:08-2510-JFA, 2010 WL 883729, at *5 (D.S.C. Mar. 5, 2010) (quoting *Lightner*, 545 F.3d at 265).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action.

3

*Merritt v. Old Dominion Freight*, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII).  The defendant's burden "is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).  If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was "'not its true reason[], but [was] a pretext for discrimination.'" *Merritt*, 601 F.3d at 294 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).  "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." *Merritt*, 601 F.3d at 294–95.

### III.   Discussion

In her Report, the Magistrate Judge found that Plaintiff was unable to establish a prima facie case of discrimination because he did not identify a suitable comparator.  Specifically, the Magistrate Judge concluded that Plaintiff and proposed comparators Christopher Branham, April Haynie, Robert Joyner, and Mike Edmonds were not similarly-situated because their disciplinary histories, use of Defendant's resources for private gain, or permission from supervisors are not comparable.  Additionally, the Magistrate Judge determined that Plaintiff was unsuccessful in showing that Defendant's articulated reason for discharging Plaintiff was pretextual.  For all of those reasons, the Magistrate Judge found summary judgment appropriate in this case.  The court agrees with the Magistrate Judge's reasoning and findings.

Plaintiff has raised the following objections to the Magistrate Judge's Report: (1) the Magistrate Judge erred in finding that Plaintiff failed to identify a suitable comparator and, thus, that Plaintiff failed to show a prima facie case of disparate discipline; (2) the Magistrate Judge erred in finding that summary judgment was appropriate because Plaintiff failed to establish that

Defendant's reason for termination was pretextual. Defendant contends that Plaintiff's employment was terminated for promoting his private business while on the job and with city resources, after receiving numerous disciplinary measures. The court discusses each of Plaintiff's objections below.

Plaintiff takes issue with the Magistrate Judge's finding that Branham is not a valid comparator because he and Plaintiff are not similarly-situated. "[T]o be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Parker v. Magna Innertech-Spartanburg*, Civil Action No. 6:09-773-JMC-KFM, 2010 WL 5488599, at *7 (D.S.C. Nov. 29, 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Plaintiff points out that Branham also organized a fundraising event, a golf tournament, and alleges that Branham also used City resources to promote the event. However, Plaintiff supports this allegation by offering Plaintiff's deposition testimony that Branham told Plaintiff that Branham had used the City's name in promoting the golf tournament. ECF No. 57, p. 2. The court finds that Branham's statements regarding a fundraising event organized by Branham are not within the scope of Branham's employment with Defendant, and are, therefore, inadmissible hearsay. *See* Fed. R. Evid. 801(d)(2)(D). Lastly, Plaintiff points to Branham's use of his City email and mailing addresses for correspondence related to the golf tournament. However, Plaintiff's conduct goes much further, as Plaintiff represented both directly and indirectly that his fundraising activities were approved by the City. The court finds that the difference between Plaintiff's and Branham's conduct is sufficient to render Branham an unsuitable comparator.

5

Plaintiff next takes issue with the Magistrate Judge's finding that Haynie is not a valid comparator because she and Plaintiff are not similarly-situated.  Plaintiff alleges that the Magistrate Judge erred because Plaintiff and Haynie both had permission from Chief Jenkins to conduct similar fundraising activities and because both Plaintiff and Haynie did, in fact, use the City's name in promoting their respective fundraisers.  However, the court finds the disparity between Plaintiff and Haynie's disciplinary records alone is sufficient to make Haynie an unsuitable comparator.

Plaintiff next contends that the Magistrate Judge erred by finding that Joyner is not a valid comparator because he and Plaintiff are not similarly situated.  Particularly, Plaintiff argues that Joyner fit and sized fellow firefighters for new uniforms while on duty, in relation to a second job held by Joyner, thus using his position with the City for private gain.  However, the fact that Plaintiff owned the business Plaintiff promoted while working and Joyner worked for the uniform business is significant.  Further, Joyner's disciplinary history is non-existent, while Plaintiff's disciplinary record is significant.  The court, therefore, finds that the difference between Plaintiff's and Joyner's conduct is sufficient to render Joyner an unsuitable comparator.

Finally, Plaintiff argues that the Magistrate Judge erred by finding that Edmonds is not a valid comparator because he and Plaintiff are not similarly situated.  Particularly, Plaintiff argues that Mr. Edmonds authorized "scantily clad women having their pictures taken for a commercial calendar."  ECF No. 57, p.5.  Plaintiff next argues that Defendant "persecuted [Plaintiff] for taking pictures of male firefighters for his calendar fundraiser to raise money for a noble cause." *Id.*  It is unclear exactly what Plaintiff's argument is on this point, but assuming that the allegation is disparate treatment on the basis of sex, the court notes that Plaintiff and Edmonds are both males.  Moreover, there is no evidence that Edmonds had ever been disciplined for

6

similar conduct, unlike Plaintiff. Therefore, the court concludes that Plaintiff has been unable to identify a suitable comparator.

Even assuming Plaintiff was able to show a prima facie case, Defendant has produced evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, and Plaintiff is unable to show that this reason is a pretext. Plaintiff summarily states in his Objection that he demonstrated that the reason proffered by Defendant is pretextual, but in reviewing Plaintiff's previous arguments on this issue, the court disagrees. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court, therefore, finds that Plaintiff has not met his burden to show that the stated reason for termination was a pretext for discrimination.

**IV.     Conclusion**

For the foregoing reasons, this court hereby adopts the Report and Recommendation of the Magistrate Judge. Accordingly, the court grants Defendant's Motion for Summary Judgment. (ECF No. 34).

IT IS SO ORDERED.

March 25, 2014                                                                 Joseph F. Anderson, Jr.
Columbia, South Carolina                                              United States District Judge